TAYLOR, APPELLANT v. BUCKLEY, APPELLEE.

1. APPELLATE PRACTICE.
A verdict rendered upon conflicting testimony will not be disturbed.
2. PRACTICE.
When attachment proceedings have been instituted, and a traverse has been filed, it is not error to submit the issue to the jury for a separate finding.
3. APPELLATE PRACTICE.
Erroneous action of the court below, which was made without objection and to which no exception was reserved, does not warrant a reversal.

*Appeal from the District Court of Chaffee County.*

Mr. G. K. HARTENSTIEN, for appellant.

Mr. C. S. LIBBY, for appellee.

REED, J., delivered the opinion of the court.

Appellee was employed by appellant to perform labor on a ranch ; was a carpenter. There was no question in regard to the employment and the price for mechanical labor —it was to be $50.00 per month. Appellee was to repair wagons, tools and farming machinery ; also to do some building, and repair buildings, etc. Appellant was to furnish

lumber and materials; employment commenced July 2d or
5th, terminated October 5th. A part of the time appellee
was engaged in mechanical work, and a part of the time in
haying and harvesting and ordinary ranch labor,—appellant
failing to furnish lumber and material. The only question
of importance was as to the contract of hiring; appellee
claiming $50.00 per month regardless of the character of
the work upon which he was employed, appellant contend-
ing that he was only to receive $50.00 per month for carpen-
ter's work, and the price of ordinary ranch labor while
otherwise employed. Upon this question the testimony was
conflicting, but the finding was for appellee; verdict and
judgment for $155. There was a claim made and an attempt
to recover for expenses and time in coming to Denver after
the employment was terminated. No such claim could be al-
lowed, and it seems to have been ignored by the jury. The
time testified to at $50.00 per month covers the amount of
the verdict. The price allowed by the jury appears excessive
for the character of the employment and the manner in which
the party was occupied, but the question was purely one of
fact, which it was the province of the jury to determine, and
according to the well-settled rule of this court will not be
disturbed. If it were within the province of this court, the
fact might have been differently found, and a more equitable
judgment entered.

Various errors are assigned, principally upon the admission
and rejection of evidence. A careful examination fails to
disclose any serious error. No error is assigned upon the
court's instructions to the jury. Proceedings by attachment
were instituted, a traverse, and an issue which was by the
court submitted to the jury for a separate finding. The issue
was found for appellee. It is contended that the action of
the court submitting the question upon the attachment for
separate finding by the jury was erroneous. We do not so
regard it. It has been held by the supreme court, and this,
to be the correct practice. If erroneous, no exceptions ap-

pear to have been taken to the action of the court, nor any objection made to the proceeding at the time, consequently, it cannot be reversed here.

The judgment should be affirmed.

*Affirmed.*